2007 BNH 021     Note:   This is an unreported opinion.  Refer to LBR 1050-1 regarding citation.
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>David D. Brown,<br>        Debtor | Bk. No. 06-11306-JMD<br>Chapter 7 |
| Steven M. Notinger, Trustee in<br>Bankruptcy of David D. Brown, and<br>Bradley C. Reifler<br>        Plaintiffs | |
| v.<br><br>David D. Brown,<br>        Defendant | Adv. No. 06-1456-JMD |

*Stephen F. Gordon, Esq.*
*Todd B. Gordon, Esq.*
*Gordon Haley LLP*
*Boston, Massachusetts*
*Attorneys for Plaintiffs*

*James V. Tabner. Esq.*
*Concord, Massachusetts*
*Attorney for Debtor/Defendant*

## MEMORANDUM OPINION

### I. INTRODUCTION

The Court has before it the Motion of Plaintiffs, Steven M. Notinger, Trustee in Bankruptcy and Bradley C. Reifler, for Summary Judgment to Bar Discharge (the "Summary Judgment Motion"), wherein Steven M. Notinger, the chapter 7 trustee (the "Trustee"), and

Bradley C. Reifler ("Reifler") (together, the "Plaintiffs") seek summary judgment on Counts I and II of their complaint against David D. Brown ("Brown" or the "Debtor") pursuant to 11 U.S.C. § 727(a)(3) and (a)(7). The Debtor did not object to the Summary Judgment Motion. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II.  DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." Rodriguez-Pinto v. Tirado-Delgado, 982 F.2d 34, 38 (1st Cir. 1993) (quoting United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992)). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodriguez, 23 F.2d 576, 581 (1st Cir. 1994).

### A. Undisputed Facts

The undisputed summary judgment record, consisting of affidavits of the Trustee and the Plaintiffs' attorney, Todd B. Gordon ("Gordon"), supported with various documents, establishes the following. The Debtor is a magna cum laude graduate of Harvard University with a degree in history who also holds an M.B.A. degree from Harvard Business School. The Debtor filed a chapter 7 bankruptcy petition on October 4, 2006. At the time he filed his bankruptcy petition, the Debtor did not have any checking, savings, or other financial accounts. Simply Media, Inc. ("Simply Media"), a company for which the Debtor served as president and director, filed a chapter 7 bankruptcy petition on November 13, 2006. The Trustee was appointed to serve as bankruptcy trustee both in the Debtor's case and in Simply Media's case.

Reifler is a judgment creditor of the Debtor and Simply Media. He holds approximately 98% of the total debt scheduled by the Debtor in his bankruptcy case. Prepetition, on September 23, 2005, Reifler obtained an execution upon judgment from Suffolk Superior Court in the Commonwealth of Massachusetts against both Simply Media and the Debtor in the sum of $521,354. On November 9, 2005, Simply Media's then chairman of the board testified at a deposition in aid of judgment. In connection with that deposition the chairman was served with a subpoena duces tecum requiring him to produce certain documents. Among the documents produced were a Simply Media balance sheet and income statement, which showed that in 2004, Simply Media had sales of $9,267,140, expenses of $2,478,108, and a gross profit of $5,373,829. On its statement of financial affairs filed in its bankruptcy case, Simply Media reported that its gross sales in 2004 were approximately $8,500,000.

On November 15, 2005, Brown testified at a deposition in aid of judgment. In connection with this deposition, Brown was served with a notice of deposition in aid of judgment which contained a list of documents to be produced in connection with the deposition. The list of documents included nineteen separate categories of documents to be produced by Brown, including, among others, Simply Media tax returns for the years 2000-2004, Simply Media's bank records and check registers, Simply Media's invoices, and Simply Media's financial statements. Brown did not produce a single piece of paper at the November 15, 2005, deposition. When asked if he brought any documents to the deposition, Brown responded, "I don't think I have any of these documents under my possession, custody and control." On October 10, 2006, Brown's wife testified, in a supplementary process proceeding before the Concord District Court in Concord, Massachusetts, that all of Simply Media's books and records were located at the Debtor's residence in New Hampshire.

In his communications with the Trustee, Brown has repeatedly testified and stated that he has no financial or business records. On November 3, 2006, at the first meeting of creditors held in Brown's bankruptcy case (the "Creditors' Meeting"), the Trustee asked Brown the whereabouts of the books and records of Simply Media. Brown testified under oath that he did not have any records and did not keep them because he does not keep what he does not need.

On November 27, 2006, the Trustee sent a letter to the Debtor requesting eleven categories of documents, including Simply Media's tax returns for the years 2000-2005, all of Simply Media's books and records, documents evidencing Brown's reinstatement as president of Simply Media on or about October 2006, a copy of the Debtor's last filed tax return, all bank statements for the Debtor's bank accounts from 2001 to the present, and any documents

evidencing the Debtor's retirement, a particular retirement fund, and the Debtor's employment as a canoe guide. The Trustee never received any of the documents requested in his November 27, 2006, letter.

On the morning of December 8, 2006, Brown sent three separate e-mails to the Trustee addressing his inability to produce any of the requested documents. Brown's first e-mail to the Trustee, received at 10:18 a.m. (the "10:18 e-mail"), was sent with a subject line of "FYI—One Person's Treasure is Another's Garbage." In addressing his inability to produce any of the Simply Media documents, Brown wrote that the Simply Media documents should be recycled like garbage. Brown further wrote in the 10:18 e-mail that he does not retain documents that have no further purpose for him as he does not retain old garbage, old newspapers, old magazines, old correspondence, or old letters. The Trustee received Brown's second e-mail at 10:42 a.m. on December 8, 2006 (the "10:42 e-mail"). The 10:42 e-mail was sent with a subject line of "David D. Brown C7—No New Documents; why another hearing?." In the 10:42 e-mail, Brown reiterated that he had no documents responsive to the Trustee's document request made on November 27, 2006. At 11:59 a.m. on December 8, 2006, the Trustee received a third e-mail from Brown (the "11:59 e-mail"), which contained the subject line of "Presumed Adversary Proceeding Against Simply Magazine – per your doc request." In the 11:59 e-mail, Brown stated that Reifler's attorneys requested all of the Simply Media documents in 2005, and, if they believed the documents were incomplete at the time, they could have "taken the matter to trial." The matter was not "taken to trial" because Brown agreed to entry of judgment against himself and Simply Media in the full amount claimed by Reifler.

Despite numerous document requests and subpoenas duces tecum, Brown has never produced any books, documents or records from which his or Simply Media's financial condition or business transactions might be ascertained. Brown has repeatedly stated that he intentionally and systematically destroys financial documents as he would any garbage.

### B. Legal Analysis

The Plaintiffs seek summary judgment on Counts I and II of their ten count complaint. In Count I, the Plaintiffs request that the Court deny the Debtor his discharge pursuant to § 727(a)(3) of the Bankruptcy Code for his unjustified destruction, concealment, and/or failure to keep or preserve recorded information from which his financial condition or business transactions might be ascertained. In count II, the Plaintiff request that the Court deny the Debtor his discharge pursuant to § 727(a)(7) for destroying, falsifying, and/or failing to keep or preserve, without any justification, recorded information from which the financial condition or business transactions of Simply Media might be ascertained. As the parties requesting denial of the Debtor's discharge, the Plaintiffs have the burden of establishing the elements of § 727(a)(3) and (a)(7). See Watman v. Groman (In re Watman), 458 F.3d 26, 32 (1st Cir. 2006). The Court must construe the grounds for discharge liberally in favor of debtors and against those seeking to deny debtors their discharge. Harman v. Brown (In re Brown), 56 B.R. 63, 66 (Bankr. D.N.H. 1985); see also Watman, 458 F.3d at 34 (citing Boroff v. Tully (In re Tully), 818 F.2d 106, 110 (1st Cir. 1987)). However, "the very purpose of certain sections of the law, like 11 U.S.C. § [727(a)], is to make certain that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs." Tully, 818 F.3d at 110 (cited

in Razzaboni v. Schifano (In re Schifano), 378 F.3d 60, 66 (1st Cir. 2004); Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997)).

### 1.  Count I under 11 U.S.C. § 727(a)(3)

Pursuant to § 727(a)(3), a debtor may be denied a discharge if a plaintiff can prove, by a preponderance of the evidence that:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3); Schifano, 378 F.3d at 68.  The standard is whether a debtor's actions in concealing, destroying, or failing to keep records was reasonable under all the circumstances. See Schifano, 378 F.3d at 68.  While a debtor may justify his failure to keep records in some cases, the debtor may obtain a discharge only if the debtor presents an accurate and complete account of his financial affairs.  Id. (citing Meridan Bank v. Alten, 958 F.2d 1226, 1230 (3d Cir. 1992)).  The Bankruptcy Code does not require "an impeccable system of bookkeeping," but rather, the debtor's records must sufficiently identify transactions so that an intelligent inquiry can made of them.  Schifano, 378 F.3d at 69 (citations omitted).  "Records need not be kept in any special manner nor is there any rigid standard of perfection in record-keeping mandated by § 727(a)(3) . . . On the other hand, courts and creditors should not be required to speculate as the financial history or condition of the debtor, nor should they be compelled to reconstruct the debtor's affairs."  Campana v. Pilavis (In re Pilavis), 244 B.R. 173, 175 (B.A.P. 1st Cir. 2000) (citations omitted).  Debtor must supply creditors "with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and

accuracy for a reasonable period past to present." Id. (quoting Bay State Milling Co. v. Martin (In re Martin), 141 B.R. 986, 995 (Bankr. N.D. Ill. 1992)).  "Because the standard for a claim of failure to maintain records is based on 'reasonableness under all the circumstances," the education and sophistication of the Debtor is relevant." Schifano, 378 F.3d at 68.  Once a creditor establishes that a debtor has failed to keep adequate records, the burden switches to the debtor to show that the failure to maintain adequate records was justified under the circumstances.  Id. at 70; Schreiber v. Emerson (In re Emerson), 244 B.R. 1, 25 (Bankr. D.N.H. 1999).

The issue before the Court is whether the Debtor's failure to maintain records of his financial and business activities unreasonably prevents the Court, the Trustee, Reifler, and other interested parties from ascertaining a complete and accurate picture of the Debtor's affairs.  See Schifano, 378 F.3d at 69-70.  To prevail on summary judgment, the Plaintiffs must show, by undisputed facts, that the Debtor failed to maintain books and records from which his financial condition could be ascertained.  Pilavis, 244 B.R. at 175-76.  Once the Plaintiffs meet that threshold, denial of Brown's discharge is proper unless the Debtor comes forward and justifies his failure to maintain books and records.  Id. at 176.  The Court has "reasonably wide discretion" in determining whether the books and records produced are sufficient to meet the requirements of the statute.  Brown, 56 B.R. at 66; see also Emerson, 244 B.R. at 25.

The summary judgment record is clear that the Debtor has produced no documents to the Trustee despite his request for the same.  Specifically, the Trustee made a written request on November 27, 2006, for copies of the Debtor's last filed tax return, all bank statements for the Debtor's bank accounts from 2001 to the present, and any documents evidencing the Debtor's

8

retirement, a particular retirement fund, and the Debtor's employment as a canoe guide.  All of these documents would assist the Trustee and others in determining the Debtor's financial and business activities.  Brown responded to the Trustee's request in the 10:42 e-mail by stating that "[y]our document request of November 27 related to documents I do not have." (emphasis added).  He stated in the 10:18 e-mail that "I do not retain documents that have no further purpose for me personally or a business I am associated with."  These statements constitute admissions by the Debtor that he has kept no books nor records from which his financial condition can be ascertained and, in fact, he disposes of such documents as they are not useful to him.  The Debtor's schedules and statement of financial affairs indicate that the Debtor has no bank account.  See Schifano, 378 F.3d at 70 (indicating the failure of an individual to maintain a bank account in a particular case may raise serious doubts about the truthfulness of the debtor's purposed financial status).  "While avoidance of loss of funds to judicial attachment might justify the failure to use a bank account, it does not provide justification for failure to maintain records."  Cohen Steel Supply, Inc. v. Fagnant (In re Fagnant), 2005 BNH 007, at 10, aff'd, 337 B.R. 729 (B.A.P. 1st Cir. 2006).

     The Plaintiffs have met their burden of establishing by undisputed facts that the Debtor failed to maintain books and records from which his financial condition could be ascertained.  Having filed no response nor objection to the Summary Judgment Motion, the Debtor has failed to come forward and justify his failure to maintain books and records.  The explanation that Brown set forth in his Creditors' Meeting testimony and in the December 8, 2006, e-mails for failing to maintain and discarding such information is unsatisfactory to the Court.  Brown is not an unsophisticated debtor.  Rather, he is an educated person who apparently has had some

business success. "The policy underlying section 727(a)(3) is to restrict a discharge in bankruptcy to debtors who provide a full and complete disclosure of their financial condition." Id. at 11. While it may be Brown's personal practice to dispose of all documents concerning his financial condition, upon seeking bankruptcy protection, he became subject to the basic requirement of the Bankruptcy Code that debtors must maintain sufficient records so that parties in interest can determine a debtor's financial condition. Brown has failed to keep such records, without justification, and such failure is not reasonable under the circumstances. For that reason, the Plaintiffs are entitled to summary judgment on Count I of the complaint seeking to deny the Debtor his discharge under § 727(a)(3).

### 2. Count II under 11 U.S.C. § 727(a)(7)

A court may deny a debtor's discharge under § 727(a)(7) if the debtor has committed an act specified in § 727(a)(3) in connection with a bankruptcy case "concerning an insider." 11 U.S.C. § 727(a)(7); see Watman, 458 F.3d at 31 n.3. "Where the debtor is an individual, the term 'insider' is defined to include a 'corporation of which the debtor is a director, officer, or person in control. 11 U.S.C. § 101(31)(A)(iv)." Watman, 458 F.3d at n.3. Section 727(a)(7) extends the basis for denial of discharge to the debtor's misconduct in a substantially contemporaneously related bankruptcy. Fagnant, 2005 BNH 007, at n.3 (quotation and citation omitted). If a debtor engages in objectionable conduct, such as failing to keep records, in a case involving an insider, the debtor may be denied a discharge in his own case. Id. at n.3 (quotation and citation omitted).

Brown is an "insider" of Simply Media, as defined in 11 U.S.C. § 101(31), as he is a director, officer, and/or person in control of Simply Media, and Simply Media is an "insider" of

the Debtor as it is a corporation of which the Debtor is a director, officer, and/or person in control.  The Plaintiffs contend that the Debtor's discharge should be barred based upon his failure to maintain records concerning Simply Media's financial condition and business transactions.

The summary judgment record is clear that the Debtor has produced no Simply Media documents to the Trustee despite his request for the same.  Specifically, the Trustee made an oral request at the Creditors' Meeting that the Debtor turn over any business records of Simply Media as well as those of several other companies in which the Debtor has been involved.  In addition, the Trustee made a written request on November 27, 2006, for copies of Simply Media's tax returns for the years 2000-2005, all of Simply Media's books and records, and documents evidencing Brown's reinstatement as president of Simply Media on or about October 2006.  The Debtor did not turn over such records; rather, he indicated to the Trustee that he does not keep records if he does not need them and, in fact, all of Simply Media's records have been discarded.

Accordingly, the Court finds that the Plaintiffs have met their burden of establishing under § 727(a)(3) that Debtor failed to maintain books and records from which Simply Media's financial condition and business transactions might be ascertained.  Brown's explanation at his Creditors' Meeting and in the December 8, 2006, e-mails for the lack of business records for Simply Media, a company which had approximately $9 million in sales less than two years before filing bankruptcy, does not satisfy the burden placed on him by § 727(a)(3).  Given the Debtor's educational and business background, it is inconceivable to the Court that Brown could possibly believe that he was justified in discarding any and all documents that could be used to determine the financial condition of a company of which he is president.  Like the Plaintiffs, the

Court also wonders how Brown and Simply Media could have completed schedules and statements of financial affairs without any documentation of any kind.  Based upon the undisputed summary judgment record, the Court concludes the Plaintiffs are entitled to summary judgment on Count II of the complaint because Brown has destroyed and/or failed to keep records, in a case involving an insider, namely, Simple Media.  The Debtor's discharge shall be denied under § 727(a)(7).

### III.  CONCLUSION

For the reason set forth in this opinion, the Court shall grant summary judgment in favor of the Plaintiffs on Counts I and II of the complaint.  The Debtor's discharge shall be denied under § 727(a)(3) and (a)(7).  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

ENTERED at Manchester, New Hampshire.

Date:   May 18, 2007                          /s/ J. Michael Deasy
                                              J. Michael Deasy
                                              Bankruptcy Judge